UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA and THE COMMONWEALTH OF MASSACHUSETTS *ex rel.* JOHN DOES 1 AND 2, <br><br> Plaintiffs, <br><br> v. <br><br> REGIONAL HOME CARE, INC. D/B/A NORTH ATLANTIC MEDICAL also D/B/A NORTH ATLANTIC MEDICAL-TOLMAN CLINICAL LABORATORY and as NORTH ATLANTIC MEDICAL SERVICES, <br><br> Defendant. | Civil Action No. 12-cv-11979-IT |

ORDER

January 22, 2015

The United States having intervened in part of this action and having declined to intervene in part of this action, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2) and (4), and the parties having filed a Joint Stipulation of Partial Dismissal [#35] ("Stipulation"), the court rules as follows:

1. Subject to the terms and conditions of the Settlement Agreement executed by the United States, Relators Konstantinos Gakis and Demetri Papageorgiou ("the Relators"), and Defendant Regional Home Care, Inc.; d/b/a North Atlantic Medical, North Atlantic Medical-Tolman Clinical Laboratory, and North Atlantic Medical Services (collectively, "NAMS"), the United States' and the Relators' claims against NAMS for the alleged

Covered Conduct described in the Stipulation[1] are dismissed with prejudice; and

2. All other claims against NAMS that were asserted on behalf of the United States in the Relators' complaint are dismissed without prejudice to the United States and with prejudice to the Relator.

IT IS SO ORDERED.

January 22, 2015  /s/ Indira Talwani
United States District Judge

---

[1] The Stipulation specifies that the following allegation describes the Covered Conduct:

> During the period from September 7, 2010 to January 1, 2013, NAMS used unlicensed employees to set up and initiate oxygen therapy, as well as continuous positive airway pressure ("CPAP") and bi-level positive airway pressure ("BiPAP") masks. NAMS continued to use these unlicensed employees instead of licensed respiratory therapists after the Massachusetts Department of Public Health told NAMS that this practice was unlawful. NAMS also did not have licensed therapists provide follow-up visits to patients receiving oxygen therapy after the equipment was set up by unlicensed oxygen technicians. NAMS' unlicensed employees lacked the training and expertise of licensed respiratory therapists and were compensated by NAMS at lower rates.

Joint Stipulation of Partial Dismissal, 2 [#35].